**In re Kenneth Scott VITALE, Debtor.**

**No. 6:07–bk–04042–ABB.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Nov. 16, 2007.

Kenneth Scott Vitale, Winter Springs, FL, Pro se.

Laurie K. Weatherford, Winter Park, FL, Trustee.

### *ORDER*

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Motion for Status Conference and Request for Hearing (Doc. No. 29) and the Motion to Determine Debtor's Instructions to the Chapter 13 Trustee are Ineffective (Doc. No. 41) filed by Laurie K. Weatherford, the Chapter 13 Trustee herein ("Trustee"), the Motion for Relief from the Automatic Stay (Doc. No. 45) filed by Hollowbrook Homeowners Association, Inc. ("Hollowbrook"), and the following documents filed by Kenneth Scott Vitale ("Vitale"): Letter titled "Due Presentment Under Notary Seal" with various attachments (Doc. No. 46); Letter titled "Due Presentment Under Notary Seal" with various attachments (Doc. No. 47); Letter titled "Due Presentment Under Notary Seal" with various attachments (Doc. No. 48).

This case was filed on August 31, 2007 ("Petition Date") in the name of "Kenneth Scott Vitale." The Petition was signed "Kenneth Scott Vitale" as the purported Debtor (Doc. No. 1). The person who filed this case asserts he is the "Paramount creditor" and the purported Debtor is "a fiction."

A hearing was held on November 13, 2007 at which the Trustee appeared. Vitale was present in the courtroom, but refused to cross the bar and appear unless the Court recognized he was appearing as the "Paramount creditor" and not the purported Debtor. Vitale stated the purported Debtor is "a fiction." Vitale made the same assertions at the October 4, 2007 hearing:

Mr. Vitale: Hello. My name is Scott Vitale. I'm here as the primary paramount creditor of the debtor.

The Court: Who's the debtor?

Mr. Vitale: The debtor is—it's a fiction Scott Vitale—

. . .

The Court: I did not understand what you said. Who is the debtor?

Mr. Vitale: The debtor is a fiction in bankruptcy.

The Court: And what's a fiction?

. . .

Mr. Vitale: What's a fiction? It's a fiction—a fiction of law.

October 4, 2007 hearing transcript at p. 3.

Schedules were filed, but are unsigned (Doc. No. 15). Vitale filed Claim No. 8 as the creditor "Kenneth Scott Vitale, a living soul" asserting a secured claim of $340,232.42 based upon various alleged instruments. Vitale refers to himself in various filings as "Paramount creditor and secured party to the Debtor." [1]

Vitale filed a Plan (Doc. No. 17) which is to be funded by various assets including a "negotiable instrument in the amount of Ten-million (10,000,000) U.S. dollars (as shown on Schedule 6B, line 15)" from which the Trustee "shall draw against . . . to make tender to creditors holding secured claims . . . ." [2] Vitale presented an al-

---

1. Doc. No. 23. Vitale asserts he "has provided credit for the benefit of the Debtor in the form of a negotiable instrument deposited with the Trustee."

2. The Plan states "assets assigned by the Primary Creditor to Debtor" are to be "submitted to the supervision and control of the Trustee as is necessary for the execution of the plan." Schedule B at line 15 (Doc. No. 15) lists as an asset: "Negotiable Instrument in the form of a Bonded Promissory Note, Instrument # 189019961, to be tendered to Trustee by Primary Secured–Party Creditor for the benefit of Debtor" with a value of

leged negotiable instrument to the Trustee and instructed her to disburse $1,000,000.00. Vitale did not establish the alleged negotiable instrument has value. An Order (Doc. No. 32) was entered directing the Trustee to not make the disbursements set forth in the Plan based upon the alleged negotiable instrument. No Plan payments have been made.

Vitale demanded the return of various papers he filed with the Court and provided to the Trustee. The demand contradicts Vitale's position at the hearing on October 4, 2007 where he refused return of the documents.[3] The Trustee filed with the Court a Notice enumerating the documents she received from Vitale (Doc. No. 62).

Only "a person" may be a debtor in bankruptcy pursuant to 11 U.S.C. Section 109(a). Section 101(41) defines the term "person" to include an individual, partnership, corporation, certain governmental units, and a legal or beneficial owner of certain benefit plans. Only "an individual with regular income" may be a debtor in chapter 13 pursuant to 11 U.S.C. Section 109(e).

■■■■ A "fiction" is not a "person" pursuant to 11 U.S.C. Section 101(41) and cannot be a debtor in bankruptcy pursuant to 11 U.S.C. Section 109(a). This case was not filed by a person as required by 11 U.S.C. Section 109(a) and is due to be dismissed.

■■■ Dismissal is required pursuant to 11 U.S.C. Section 109(e). This case was not filed by an individual, it has not been established the purported Debtor has regular income, and on the Petition Date the noncontingent, liquidated, unsecured debts exceeded the statutory ceiling of $307,675.00. Dismissal is also required pursuant to 11 U.S.C. Sections 1326(a) and 1307(c) for the failure to make Plan payments.

■■ A chapter 13 case must be filed in good faith. 11 U.S.C. Section 1307(c); *In re McGovern*, 297 B.R. 650, 655–56 (S.D.Fla.2003). This case was filed in bad faith. The filing is an abuse of the judicial system and the purposes of chapter 13. The case is due to be dismissed. 11 U.S.C. Section 105(a); *Phoenix Piccadilly, Ltd. v. Life Ins. Co. of Va. (In re Phoenix Piccadilly, Ltd.)*, 849 F.2d 1393, 1394 (11th Cir. 1988); *Shell Oil Co. v. Waldron (In re Waldron)*, 785 F.2d 936, 941 (11th Cir. 1986).

Accordingly, it is

**ORDERED, ADJUDGED and DE- CREED** that the above-captioned case is hereby **DISMISSED;** and it is further

**ORDERED, ADJUDGED and DE- CREED** that the automatic stay of 11 U.S.C. Section 362(a) is hereby terminated; and it is further

**ORDERED, ADJUDGED and DE- CREED** that, pursuant to 11 U.S.C. Sections 105(a) and 109(g), Kenneth Scott Vi-

---

"One-million (1,000,000) U.S. dollars or there [*sic*] equivalent." The Debtor also lists as assets "Invoices in the form of True Bills in Commerce perfected by Judgment Nihil Dick" and in the valuation column a "Security Interest of ten-million (10,000,000) U.S. dollars or there [*sic*] functional equivalent held by Primary Secured–Party Creditor against all property held in the name of DEBTOR." *See also* Notice of Supporting Documentation for Schedule B6B (Doc. No. 23), which includes a "Bonded Promissory

Note" in the amount of "Ten-million (10,000,-000.00) U.S. Dollars or there [*sic*] functional equivalent."

3. October 4, 2007 hearing transcript at p. 11, ll.15–19: Trustee's assistant: "do you want that back?" Vitale: "No, no, that stays in the case file. That's the only place you could have gotten it from since that's got the original signature on here."

tale, a/k/a K Scott Vitale, a/k/a KS Vitale, a/k/a Kenneth S Vitale, and the purported Debtor are hereby enjoined from filing for relief under chapter 13 of Title 11 of the United States Code for a period of 180 days from the date of entry of this Order; and it is further

**ORDERED, ADJUDGED and DE-CREED** that of the $0.00 balance in the Trustee's trust account for this case, administrative expenses shall be disbursed as follows: $0.00 to secured creditors provided for in the Plan; $0.00 for attorney's fees provided for in the Plan; and $0.00 to the Trustee. The balance of $0.00 shall be turned over to the person who signed the Petition; and it is

**ORDERED, ADJUDGED and DE-CREED** that the Trustee and the Court shall return to Vitale upon the closing of this case all documents received from Vitale bearing original signatures, except for the Petition, Statement of Debtor's Social Security Number, Certificate of Credit Counseling, Schedules, Statement of Financial Affairs, Chapter 13 Plan, Notices, Certificates of Service, Amendments, and pleadings, and the Trustee shall return to Vitale all documents enumerated in Doc. No. 62 upon the closing of this case; and it is further

**ORDERED, ADJUDGED and DE-CREED** that Hollowbrook's Motion for Relief from the Automatic Stay is rendered MOOT by the dismissal of this case.